OPINION OF THE COURT
Leventhal, J.
The defendant, Joe Campbell, was convicted, upon his plea of guilty, of sexual abuse in the first degree. In evaluating the defendant for registration as a sex offender pursuant to Correction Law article 6-C, the Sex Offender Registration Act (hereinafter SORA), the New York State Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant as a presumptive level two sex offender based, in part, upon his juvenile delinquency adjudication when he was 13 years old. After a hearing, the Supreme Court granted the People’s application for an upward departure to risk level three. On this appeal, we primarily address whether the Supreme Court’s consideration of the defendant’s juvenile delinquency adjudication was permissible as evidence of the defendant’s age at the time of his first sex offense. For the reasons set forth below, we conclude that the consideration of the defendant’s juvenile delinquency adjudication was improper.
The Board prepared a risk assessment instrument (hereinafter the RAI) dated January 12, 2009, containing the Board’s recommendation to the Supreme Court regarding the defendant’s appropriate risk level designation under SORA. In the RAI, the Board assessed a total of 80 points, which placed the defendant at risk level two. The points were assessed under five risk factors, as follows: 10 points under risk factor 1 (“Used forcible compulsion”); 10 points under risk factor 2 (“Contact under clothing”); 20 points under risk factor 5 (“Age of victim 11 through 16”); 10 points under risk factor 8 (“Age at first act of sexual misconduct 20 or less”); and 30 points under risk factor 9 (“Prior violent felony, or misdemeanor sex crime or endangering welfare of a child”).
The Board recommended an upward departure from risk level two to risk level three on the ground that the defendant had been incarcerated three times and that “prior attempts at both probation and parole [had] failed.” In the case summary, the Board stated that the defendant was a sexually violent sex of *8 fender based upon his conviction of sexual abuse in the first degree (see Penal Law § 130.65; Correction Law § 168-a [3]). In addition, the Board noted that the underlying offense was the defendant’s “third arrest for a sex offense” and that two of those arrests involved forcible compulsion.
At the SORA determination proceeding, the People submitted, inter alia, the case summary in support of the Board’s assessment of 80 points. In support of their application for an upward departure, the People argued that this was the defendant’s third state prison incarceration and that prior attempts at parole had failed.
The defendant’s counsel argued, among other things, that the assessment of 10 points under risk factor 8, regarding the age of the defendant at the time of his first sexual misconduct, was improper. The defendant submitted an affidavit which discussed the facts surrounding his 1984 juvenile delinquency adjudication, which formed the basis for the assessment of the 10 points under risk factor 8. The defendant averred that in 1984, when he was 13 years old, he was at a party with three older individuals that he knew. Those men were approximately 17 or 18 years old. The men told him to wait while they went inside a park. Inside the park, the men attacked a woman. The defendant stated that while he admitted to acts that would have constituted attempted rape if he had been an adult, he was not an active participant in the attack on the woman and never came into physical contact with her during the attack by the men. The defendant argued that the use of a juvenile delinquency adjudication for an upward departure was prohibited by Family Court Act § 380.1 (2), which disallowed the use of such an adjudication for, among other things, preventing legitimate employment.
Further, defense counsel contended that the People failed to meet their burden of establishing that the circumstances of the case warranted an upward departure to risk level three. Defense counsel argued that the People could not show that an upward departure was warranted based only upon the contents of the defendant’s rap sheet and the allegations against the defendant in the juvenile delinquency proceeding.
In response, the prosecutor argued that the Family Court Act was inapplicable, as the instant matter was a SORA proceeding. The prosecutor noted that the Board’s SORA Guidelines (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 6 [2006]) (hereinafter the Guidelines) provide *9 that prior crimes include “criminal convictions, youthful offender adjudications and juvenile delinquency findings.” The prosecutor contended that she could not understand why the defendant would be adjudicated a juvenile delinquent based upon his admission to attempted rape in the first degree if, as alleged in his affidavit, all he did was stand outside of a park. She argued that the Guidelines indicated that the age of an offender at the time of his or her first sex crime is a factor associated with recidivism since those who offend at a young age are more prone to reoffend.
The Supreme Court, among other things, found that clear and convincing evidence supported the assessment of 80 points against the defendant. The Supreme Court specifically found that the defendant’s juvenile delinquency adjudication could be utilized for scoring under the SORA regulations. Further, the Supreme Court found that the People met their burden of demonstrating, by clear and convincing evidence, that there should be an upward departure from risk level two to risk level three.
On appeal, the defendant argues that he should have been assessed only 70 points by the Board because the provision in the Guidelines permitting consideration of his juvenile delinquency adjudication violates Family Court Act § 381.2. Furthermore, the defendant argues that the People failed to prove, by clear and convincing evidence, that there should have been an upward departure from the presumptive risk level.
Juvenile Delinquency Adjudications and SORA
The Guidelines provide that if a sex offender committed a sex offense that subsequently resulted in an adjudication or conviction for a sex crime at age 20 or less, that sex offender is to be scored 10 points under risk factor 8. On this appeal, of the 80 points assessed against the defendant, he challenges only the 10 points assessed under risk factor 8 (“Age at first act of sexual misconduct 20 or less”). Specifically, the defendant asserts that he was improperly assessed 10 points under risk factor 8 because Family Court Act § 381.2 prohibits such an assessment. The defendant concedes that this contention is unpreserved for appellate review because he did not raise that argument before the Supreme Court. However, we reach this contention in the exercise of our interest of justice jurisdiction to address the perceived conflict between the Guidelines and the Family Court Act.
We must first consider the purpose of juvenile delinquency proceedings. The Court of Appeals has stated that “[t]he over *10 riding intent of the juvenile delinquency article is to empower Family Court to intervene and positively impact the lives of troubled young people while protecting the public” (Matter of Robert J., 2 NY3d 339, 346 [2004]). Pursuant to Family Court Act § 301.1, the Family Court is required to “consider the needs and best interests of the respondent as well as the need for protection of the community.”
Family Court Act § 381.2, entitled “Use of records in other courts,” provides:
“1. Neither the fact that a person was before the family court under this article for a hearing nor any confession, admission or statement made by him to the court or to any officer thereof in any stage of the proceeding is admissible as evidence against him or his interests in any other court.
“2. Notwithstanding the provisions of subdivision one, another court, in imposing sentence upon an adult after conviction may receive and consider the records and information on file with the family court, unless such records and information have been sealed pursuant to section 375.1.”
In addition, Family Court Act § 380.1 (1) states that “[n]o adjudication under this article may be denominated a conviction and no person adjudicated a juvenile delinquent shall be denominated a criminal by reason of such adjudication” (see Holyoke Mut. Ins. Co. v Jason B., 184 AD2d 550 [1992]).
“Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76). The above-cited language of the Family Court Act is unambiguous and makes clear “that the Legislature has sought to protect young persons who have violated the criminal statutes of this State from acquiring the stigma that accompanies a criminal conviction” (People v Gray, 84 NY2d 709, 713 [1995]; see Green v Montgomery, 95 NY2d 693, 697 [2001] [finding that the provisions of Family Court Act §§ 380.1 and 381.2 “ensure that a juvenile delinquency adjudication is not treated as a crime”]). Indeed, as pertinent here, the term “|j]uvenile delinquent” is defined as a child over the age of 7 and less than 16 who has committed a crime, but “is not criminally responsible for such conduct by reason of infancy” (Family Ct Act § 301.2 [1] [a] [emphasis added]).
*11 We now compare the provisions of Family Court Act § 381.2 with the relevant Guidelines promulgated by the Board. Correction Law § 168-Z authorizes the Board to develop the Guidelines for the purpose of assessing the risk of recidivism by sex offenders and the threat posed to public safety (see Correction Law § 168-Z [5]). Notably, the five members of the Board, who are appointed by the Governor, are to be “experts in the field of the behavior and treatment of sex offenders” (Correction Law § 168-Z [1]). However, the Board “serves only in an advisory capacity that is similar to the role served by a probation department in submitting a sentencing recommendation” (Matter of New York State Bd. of Examiners of Sex Offenders v Ransom, 249 AD2d 891, 892 [1998]).
As pertinent here, Correction Law § 168-Z (5) (a) (v) provides that the Guidelines should be based upon factors indicative of a high risk of repeat offense, including “the age of the sex offender at the time of the commission of the first sex offense.” The Guidelines, in turn, provide that for the purpose of assessing a sex offender’s criminal history the term “crime” includes “criminal convictions, youthful offender adjudications and juvenile delinquency findings” (Guidelines at 6 [emphasis added]). The Guidelines state that “[t]he Board concluded that these determinations are reliable indicators of wrongdoing and, therefore, should be considered in assessing an offender’s likelihood of reoffense and danger to public safety” (id.). In a footnote, the Guidelines acknowledge that a youthful offender adjudication is not a conviction, but state that the Board had found that such an adjudication “constitutes a reliable determination that an offender committed the underlying criminal conduct” (id. at 6 n 6, citing People v Compton, 38 AD2d 788 [1972]).
Thus, while Family Court Act § 381.2 generally prohibits the use of juvenile delinquency adjudications against an individual’s interests in a judicial proceeding, the Guidelines purportedly allow the Board and the court to consider juvenile delinquency adjudications to determine the age of a sex offender at the time of the commission of his or her first sex offense. The defendant contends that there is a clear conflict between the Family Court Act and the Guidelines with respect to the consideration of a juvenile delinquency adjudication. The People respond that there is no such conflict and argue that the Appellate Division has specifically rejected the defendant’s contention. In this regard, the People rely upon two cases (see People v Catchings, 56 AD3d 1181 [2008]; People v Dort, 18 AD3d 23 [2005]).
*12 In People v Catchings, the defendant appealed from an order adjudicating him a level three sex offender and argued, inter alia, that the County Court erred in assessing 30 points under risk factor 9 for the number and the nature of his prior crimes. In affirming the order, the Appellate Division, Fourth Department, stated that the County Court “properly concluded that defendant’s prior juvenile delinquent adjudication for endangering the welfare of a child warranted a 30-point assessment under that risk factor” (56 AD3d at 1182). In People v Dort, also an appeal from a sex offender adjudication, the Appellate Division, Third Department, rejected the defendant’s contention that his prior juvenile delinquency adjudication could not be scored against him under SORA. In support of this determination, the Court relied upon the Guidelines. The decisions in Catchings and Dort do not support the People’s position, since as the defendant contends, there is no indication that the defendants in those cases specifically argued that the consideration of a juvenile delinquency adjudication in a SORA proceeding violated Family Court Act § 381.2. In any event, this Court is not bound by the determinations in those cases.
Family Court Act § 381.2 is clear on its face and provides that neither the fact that a person was before the Family Court in a juvenile delinquency proceeding for a hearing, nor any confession, admission, or statement made by such a person to the Family Court, or to any officer thereof in any stage of that proceeding, is admissible in any other court (see Family Ct Act § 381.2 [1]). We agree with the defendant that so much of the commentary to the Guidelines as permits the consideration of juvenile delinquency adjudications in SORA proceedings conflicts with Family Court Act § 381.2. As noted above, the sole statutory exception to the confidentiality provisions of Family Court Act § 381.2 permits consideration of records and information relating to a juvenile delinquency adjudication by a court in imposing sentence upon an adult (see Family Ct Act § 381.2 [2]). However, a SORA proceeding is civil in nature (see People v Mingo, 12 NY3d 563, 572 [2009]), and a risk level determination is not a sentence (see CPL 1.20 [14]). Thus, the statutory exception is inapplicable. Consequently, we hold that the Board, which is merely an advisory panel, exceeded its authority by adopting that portion of the Guidelines which includes juvenile delinquency adjudications in its definition of crimes for the purpose of determining a sex offender’s criminal history. Likewise, the Supreme Court erred in considering the defend *13 ant’s juvenile delinquency adjudication in determining the defendant’s appropriate risk level designation under SORA. Although we do not quarrel with the Board’s finding that the age of an offender at the time of the offender’s first sex offense is relevant to that offender’s likelihood of reoffense and the danger to public safety, the Board was without the power to adopt a guideline which contravenes the clear legislative pronouncement set forth in Family Court Act § 381.2. If the mere fact that an individual was adjudicated a juvenile delinquent is to be considered in assessing points against an offender pursuant to SORA, such consideration must be specifically authorized by the Legislature, not by the courts or the Board. Therefore, the defendant should not have been assessed 10 points under risk factor 8, which results in a total risk factor score of 70 points, making him a presumptive level one sex offender.
Upward Departure
The defendant further argues that the People failed to establish that there should be an upward departure. In establishing an offender’s appropriate risk level, the People bear the burden of proving the facts supporting the determination by clear and convincing evidence (see People v Wyatt, 89 AD3d 112, 118 [2011]; People v Mabee, 69 AD3d 820 [2010]). “While departures from the Board’s recommendations are of course the exception, not the rule, the possibility of such departures has been generally recognized” (People v Johnson, 11 NY3d 416, 421 [2008]). “[T]he level suggested by the RAI is merely presumptive and a SORA court possesses the discretion to impose a lower or higher risk level if it concludes that the factors in the RAI do not result in an appropriate designation” (People v Mingo, 12 NY3d at 568 n 2; see People v Pettigrew, 14 NY3d 406, 409 [2010]).
With respect to upward departures, the threshold condition triggering the court’s exercise of discretion is twofold:
“(1) as a matter of law, the cited aggravating factor must tend to establish a higher likelihood of reoffense or danger to the community and be of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) the People must prove the facts in support of the aggravating factor by clear and convincing evidence” (People v Wyatt, 89 AD3d at 123).
If the People meet these two preconditions, the SORA court may, in its discretion, upwardly depart. By contrast, if the People *14 do not meet those preconditions, “the SORA court has no authority to exercise its discretion to depart upward because SORA requires the ultimate risk designation to be supported by clear and convincing evidence” (id.).
Here, in support of their contention that there should be an upward departure, the People argued that the defendant had been incarcerated on three occasions and that prior attempts at parole and probation had failed. Assuming that the People established that the defendant’s prior periods of incarceration, and his history of probation and parole, were aggravating factors which tended to establish a higher likelihood of reoffense or danger to the community, the People failed to demonstrate that those facts were not adequately taken into account by the Guidelines. In this regard, we note that the Guidelines specifically consider an offender’s criminal history under, inter alia, risk factors 9 (“Number and Nature of Prior Crimes”) and 10 (“Recency of Prior Felony or Sex Crime”). In addition, of the convictions resulting in the defendant’s three prison sentences, only his 2004 misdemeanor conviction of endangering the welfare of a child relates to his risk of reoffense. Indeed, the defendant was assessed 30 points under risk factor 9 for the number and nature of his prior crimes and, as discussed above, the mere fact that he was previously adjudicated a juvenile delinquent cannot be considered herein. Furthermore, the People failed to set forth facts showing that the defendant was likely to reoffend based upon the fact that he had previously been on probation and parole for other crimes. Consequently, the Supreme Court erred in granting the People’s application for an upward departure.
Thus, the Supreme Court improperly classified the defendant as a level three sex offender. Accordingly, the order is reversed, on the law, and the defendant is designated a level one sex offender and a sexually violent offender.
Angiolillo, J.P, Florio and Cohen, JJ., concur.
Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sex offender and a sexually violent offender.