*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015                 518118
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                OPINION AND ORDER

ROBERT E. SHAFFER,
                    Appellant.
_____

Calendar Date:  March 26, 2015

Before:  Peters, P.J., Lahtinen, Rose and Devine, JJ.

                    _____


        Lawrence Brown, Bridgeport, for appellant.

        William G. Gabor, District Attorney, Wampsville (Elizabeth
S. Healy of counsel), for respondent.

                    _____


Rose, J.

        Appeal from an order of the County Court of Madison County
(McDermott, J.), entered December 17, 2013, which classified
defendant as a risk level II sex offender pursuant to the Sex
Offender Registration Act.

        Defendant pleaded guilty to rape in the third degree and an
unrelated burglary in the third degree, and he was sentenced to a
term of imprisonment.  In anticipation of his release, the Board
of Examiners of Sex Offenders prepared a risk assessment
instrument (hereinafter RAI) pursuant to the Sex Offender
Registration Act (see Correction Law art 6-C) designating him as
a presumptive risk level II sex offender, which the People
adopted.  Defendant objected to the imposition of 30 points for
"criminal history" under risk factor 9 of the RAI because it was

based on a juvenile delinquency adjudication. Relying on People v Campbell (98 AD3d 5 [2d Dept 2012], lv denied 20 NY3d 853 [2012]), defendant contended that Family Ct Act § 381.2 (1) precluded the use of the juvenile delinquency adjudication and, without the 30 points for criminal history, defendant would be presumptively classified as a risk level I sex offender. County Court, citing our previous decisions in People v Pride (37 AD3d 957 [2007], lv denied 8 NY3d 812 [2007]) and People v Dort (18 AD3d 23 [2005], lv denied 4 NY3d 885 [2005]), denied defendant's challenge to the 30-point assessment and classified defendant as a risk level II sex offender. Defendant appeals.

We reverse. We agree with the holding of People v Campbell (supra) that the Board "exceeded its authority by adopting that portion of the [Sex Offender Registration Act] Guidelines which includes juvenile delinquency adjudications in its definition of crimes for the purpose of determining a sex offender's criminal history" (id. at 12; see Family Ct Act § 380.1 [1]; Green v Montgomery, 95 NY2d 693, 697 [2001]). Contrary to the People's argument, the fact that the points at issue in Campbell were assessed under risk factor 8 of the RAI does not require a different conclusion because both risk factor 8 and risk factor 9 fall within the criminal history category of the RAI. To the extent that our prior decisions suggest that juvenile delinquency adjudications may be considered crimes for purposes of the RAI, we note that the conflict between the Guidelines and the Family Ct Act was not raised in those cases and they should no longer be followed. Our ruling is limited, however, to precluding the use of juvenile delinquency adjudications to assess points for criminal history under the RAI, and we do not hold that the facts underlying a juvenile delinquency adjudication may not be considered when determining whether to depart from the recommended risk level (see e.g. People v Gray, 84 NY2d 709, 712 [1995]; Dukes v New York City Hous. Auth., 63 AD2d 690, 691 [1978]).

Peters, P.J., Lahtinen and Devine, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Madison County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court