### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 19, 2015                    519870
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                          Respondent,

          v                                    MEMORANDUM AND ORDER

CHARLES J. UPDYKE,
                          Appellant.
_____


Calendar Date:  October 21, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

_____


        Susan M. Patnode, Rural Law Center of New York, Albany
(George Hoffman of counsel), for appellant.

        John Muehl, District Attorney, Cooperstown (Michael F.
Getman of counsel), for respondent.

_____


Lynch, J.

        Appeal from an order of the County Court of Otsego County
(Lambert, J.), entered August 4, 2014, which classified defendant
as a risk level II sex offender pursuant to the Sex Offender
Registration Act.

        In February 2012, defendant pleaded guilty to rape in the
second degree, and he was sentenced to a prison term of three
years with three years of postrelease supervision.  In
anticipation of his release, the Board of Examiners of Sex
Offenders prepared a risk assessment instrument (hereinafter RAI)
pursuant to the Sex Offender Registration Act (see Correction Law
art 6-C) designating defendant as a presumptive risk level II sex
offender, which the People adopted.  Defendant objected to the

imposition of 40 points for criminal history under risk factors 8 and 9 of the RAI because it was based on a juvenile delinquency adjudication. Relying on People v Campbell (98 AD3d 5 [2d Dept 2012], lv denied 20 NY3d 853 [2012]), defendant contended that Family Ct Act § 381.2 (1) precluded the use of the juvenile delinquency adjudication and, without the 40 points for criminal history, defendant would be presumptively classified as a risk level I sex offender. County Court, citing this Court's previous decision in People v Dort (18 AD3d 23 [2005], lv denied 4 NY3d 885 [2005]), denied defendant's challenge to the 40-point assessment and classified defendant as a risk level II sex offender (see People v Pride, 37 AD3d 957, 958 [2007], lv denied 8 NY3d 812 [2007]). Defendant appeals.

The People join defendant's request that the underlying Sex Offender Registration Act classification be reversed and that the matter be remitted to County Court for further proceedings because the court assessed points for criminal history based on a juvenile delinquency adjudication. We agree that, based on our recent holding in People v Shaffer (129 AD3d 54, 55-56 [2015]), County Court is precluded from using juvenile delinquency adjudications to assess points for criminal history under the RAI, although the facts underlying a juvenile delinquency adjudication may still be "considered when determining whether to depart from the recommended risk level" (id. at 56).

Lahtinen, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Otsego County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court