# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1249**
**KA 15-01402**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

CLIFFORD BROWN, DEFENDANT-APPELLANT.

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (DAVID M. PARKS OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Wayne County Court (Dennis M. Kehoe, J.), dated April 27, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Wayne County Court for further proceedings in accordance with the following memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends that County Court erred in assessing points for his criminal history based upon a prior juvenile delinquency adjudication. We agree.

In August 2005, when he was just over 13½ years old, defendant was adjudicated a juvenile delinquent in New York for conduct against a 10-year-old female that, if committed by an adult, would constitute the crime of sexual abuse in the first degree (Penal Law § 130.65). In June 2012, defendant was convicted in South Carolina, upon his plea of guilty, of committing or attempting a lewd act upon a child under the age of 16 (SC Code Ann former § 16-15-140) as a result of defendant's sexual conduct with a six-year-old male in March 2008. Following the preparation of a risk assessment instrument by the Board of Examiners of Sex Offenders (Board), the court conducted a hearing during which defense counsel argued, among other things, that defendant should not have been assessed 30 points under risk factor 9, for a prior sex crime adjudication as a juvenile delinquent, and 10 points under risk factor 10, for a prior sex crime that occurred less than three years before the instant South Carolina offense. Specifically, defense counsel relied on *People v Campbell* (98 AD3d 5, 12-13, *lv denied* 20 NY3d 853), and argued that the Family Court Act prohibited consideration of a juvenile delinquency adjudication in a SORA determination. The court determined that it was constrained by

our decision in *People v Catchings* (56 AD3d 1181, 1182, *lv denied* 12 NY3d 701), and rejected defendant's challenge to the assessments under risk factors 9 and 10.

The risk assessment guidelines issued by the Board provide that a juvenile delinquency adjudication is considered a crime for purposes of assessing points under the criminal history section of the risk assessment instrument (*see* Sex Offender Registration Act:  Risk Assessment Guidelines and Commentary [Guidelines], at 6 [2006]). Family Court Act § 381.2 (1) provides, however, that neither the fact that a person was before Family Court for a juvenile delinquency hearing, nor any confession, admission or statement made by such a person is admissible as evidence against him or her in any other court.  Section 380.1 (1) further provides that "[n]o adjudication under this article may be denominated a conviction and no person adjudicated a juvenile delinquent shall be denominated a criminal by reason of such adjudication."  Given this conflict between the Guidelines and the plain language of the Family Court Act, we agree with the Second Department's holding in *Campbell* and conclude that the Board "exceeded its authority by adopting that portion of the Guidelines which includes juvenile delinquency adjudications in its definition of crimes for the purpose of determining a sex offender's criminal history" (98 AD3d at 12; *see People v Shaffer*, 129 AD3d 54, 55; *see generally Green v Montgomery*, 95 NY2d 693, 697).  We note that the conflict between the Guidelines and the Family Court Act was not before us in *Catchings* (56 AD3d at 1182) and, to the extent that our decision in that case suggests that a juvenile delinquency adjudication may be considered a crime for purposes of assessing points in a SORA determination, it should not be followed.  We therefore conclude that the court erred in considering defendant's juvenile delinquency adjudication in assessing a total of 40 points under risk factors 9 and 10.

To the extent that defendant also challenges the court's assessment of 10 points under risk factor 8 for being 20 years old or younger at the time of his first sex crime, defense counsel correctly conceded during the SORA hearing that those points should be assessed because defendant was indisputably under 20 years old when he committed the sex crime in South Carolina (*see* Guidelines at 13).

Removing the improperly assessed points under risk factors 9 and 10 renders defendant a presumptive level one risk.  Under the circumstances of this case, however, we remit the matter to County Court for further proceedings to determine whether an upward departure from defendant's presumptive risk level is warranted (*see People v Updyke*, 133 AD3d 1063, 1064; *People v Leach*, 106 AD3d 1387, 1388; *People v Felice*, 100 AD3d 609, 610).

Entered:  March 24, 2017

Frances E. Cafarell
Clerk of the Court