# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**582**

**KA 16-00048**

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                       MEMORANDUM AND ORDER

DOUGLAS C. TATNER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Monroe County Court (Christopher S. Ciaccio, J.), entered November 10, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that reversal is required because County Court applied the wrong burden of proof when it determined that the People had "shown, by a preponderance of the evidence, that an upward departure in the risk level classification [was] warranted." We agree with defendant that the court applied the wrong standard inasmuch as it is well settled that "the People cannot obtain an upward departure pursuant to the guidelines unless they prove the existence of certain aggravating circumstances by clear and convincing evidence" (*People v Gillotti*, 23 NY3d 841, 862). Nevertheless, "remittal is not required because the record is sufficient to enable us to determine under the proper standard whether the court erred" in granting the People's request for an upward departure (*People v Loughlin*, 145 AD3d 1426, 1427-1428).

We conclude that the court properly determined that an upward departure was warranted. "A court may make an upward departure from a presumptive risk level when, after consideration of the indicated factors[,] . . . [the court determines that] there exists an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (*People v Abraham*, 39 AD3d 1208, 1209 [internal quotation marks omitted]). Here, the People established by clear and convincing

evidence the existence of numerous aggravating factors not adequately taken into account by the risk assessment guidelines, including defendant's "constant masturbation," which was "indicative of hyper-sexuality"; his "self-reported addiction" to child pornography; and the nature of the images, i.e., the sadomasochistic images of child pornography found on his computer (*see People v Sczerbaniewicz*, 126 AD3d 1348, 1349; *see also People v Guyette*, 140 AD3d 1555, 1556-1557; *People v Lashway*, 66 AD3d 662, 662-663).

Entered:  April 28, 2017                              Frances E. Cafarell
                                                      Clerk of the Court