# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

490

KA 15-01843

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

TERRANCE GIBSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Christopher S. Ciaccio, J.), entered October 13, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.), defendant contends that County Court erred in assessing points for his criminal history based upon a prior juvenile delinquency adjudication. We agree. Defendant was assessed 15 points under risk factor 9 for a prior crime as a juvenile delinquent, and the court, relying on *People v Catchings* (56 AD3d 1181, 1182, *lv denied* 12 NY3d 701), rejected defendant's challenge to the assessment of points under risk factor 9. As we recently held in *People v Brown* (148 AD3d 1705, ___), however, a juvenile delinquency adjudication may not be considered a crime for purposes of assessing points in a SORA determination, and *Catchings* should no longer be followed to that extent. Consequently, we conclude that the court erred in considering defendant's juvenile delinquency adjudication in assessing 15 points under risk factor 9.

Removing the improperly assessed points under risk factor 9 renders defendant a presumptive level two risk. Under the circumstances of this case, we remit the matter to County Court for further proceedings to determine whether an upward departure is warranted (*see Brown*, 148 AD3d at ___).

Entered: April 28, 2017                        Frances E. Cafarell
                                               Clerk of the Court