People v Downer (2018 NY Slip Op 00670)





People v Downer


2018 NY Slip Op 00670


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


72 KA 16-01990

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS D. DOWNER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Victoria M. Argento, J.), entered August 5, 2016. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends, and the People correctly concede, that County Court erred in assessing points for his criminal history based upon a prior juvenile delinquency adjudication (see People v Gibson, 149 AD3d 1567, 1568 [4th Dept 2017]; People v Updyke, 133 AD3d 1063, 1064 [3d Dept 2015]). Removing those points renders defendant a presumptive level one risk.
Nevertheless, we reject defendant's further contention that the court erred in determining that an upward departure from his presumptive risk level was warranted, and we therefore modify the order by determining that defendant is a level two risk pursuant to SORA. "An upward departure is warranted where, as here, there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (People v Poleun, 119 AD3d 1378, 1379 [4th Dept 2014], affd 26 NY3d 973 [2015] [internal quotation marks omitted]; see People v Tatner, 149 AD3d 1595, 1595 [4th Dept 2017], lv denied 29 NY3d 916 [2017]). Here, the People established by clear and convincing evidence the existence of aggravating factors not adequately taken into account by the risk assessment guidelines (see Tatner, 149 AD3d at 1595-1596). They established that defendant sexually abused a five-year-old relative when he was 11 years old, and was subsequently placed with the Office of Children and Family Services (OCFS) for a period of two years. Additionally, he was placed with OCFS for a period of one year as a result of sexually abusive conduct that he committed when he was 15 years old. Despite those placements, defendant reoffended when he was 18 years old, resulting in the instant conviction (see generally People v Duryee, 130 AD3d 1487, 1488 [4th Dept 2015]; People v Tidd, 128 AD3d 1537, 1537-1538 [4th Dept 2015], lv denied 25 NY3d 913 [2015]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court