People v Huber (2019 NY Slip Op 08059)





People v Huber


2019 NY Slip Op 08059


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1004 KA 17-01203

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JESSICA D. HUBER, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Stephen T. Miller, A.J.), entered May 2, 2017. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that she is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). We reject defendant's contention that County Court abused its discretion in granting the People's request for an upward departure to a level two risk. "It is well settled that a court may grant an upward departure from a sex offender's presumptive risk level when the People establish, by clear and convincing evidence . . . , the existence of an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines" (People v Cardinale, 160 AD3d 1490, 1490-1491 [4th Dept 2018] [internal quotation marks omitted]). Here, we conclude that the court properly granted the People's request for an upward departure based on clear and convincing evidence of certain aggravating factors, including that defendant has mental health issues that are causally related to her risk of recidivism (see People v Collins, 104 AD3d 1220, 1221 [4th Dept 2013], lv denied 21 NY3d 855 [2013]; People v Abraham, 39 AD3d 1208, 1209 [4th Dept 2007]; cf. People v Robinson, 160 AD3d 1441, 1442 [4th Dept 2018]), particularly her diagnosis of hypersexuality (see Collins, 104 AD3d at 1221; see also People v Tatner, 149 AD3d 1595, 1595 [4th Dept 2017], lv denied 21 NY3d 916 [2017]). We have considered defendant's remaining contention and conclude that it does
not require reversal or modification of the order.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court