People v Dukes (2020 NY Slip Op 04679)





People v Dukes


2020 NY Slip Op 04679


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department



449 KA 19-01043

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEVIN A. DUKES, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (John L. DeMarco, J.), entered April 12, 2019. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Defendant appeals from an order classifying him as a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). On appeal, defendant contends that County Court erred in granting an upward departure based on a 2010 presentence report that, according to defendant, contained or reflected inadmissible statement(s) that he ostensibly made in connection with a 2007 juvenile delinquency proceeding. Although defendant noted, during this SORA proceeding, the undisputed legal principle that a "confession, admission or statement" made by a juvenile delinquent in Family Court is inadmissible "as evidence against him or his interests in any other court" (Family Ct Act
§ 381.2 [1]), he never asserted below that County Court was actually relying on any such confession, admission or statement in this case. In other words, while defendant recited below the legal principle upon which he now relies, he never linked that principle to any fact in this case nor did he explain why or how that principle should apply here. Indeed, defendant's appellate brief does not even identify the purported confession, admission, or statement upon which the court allegedly relied in its upward departure determination. By failing to "link the asserted [principle of law] to any specific aspect of the evidence" (People v Jean-Baptiste, 38 AD3d 418, 425 [1st Dept 2007, McGuire, J., concurring], lv denied 9 NY3d 877 [2007]), defendant failed to preserve his present argument for appellate review (see generally People v Gillotti, 23 NY3d 841, 854 [2014]).
In any event, the record is devoid of any indication that the court actually relied on any confession, admission, or statement by defendant in making its upward departure determination. Indeed, the court's written decision reflected its awareness of the requirements of Family Court Act § 381.2 (1).
All concur except Peradotto, J.P., and Lindley, J., who dissent and vote to modify in accordance with the following memorandum: We respectfully dissent. In our view, County Court erred in relying on the facts underlying two juvenile delinquency adjudications entered against defendant in Family Court to grant an upward departure from the presumptive level two risk yielded by his score on the risk assessment instrument (RAI). We would thus modify the order accordingly.
The relevant facts are not in dispute. When he was 17 years old, defendant robbed a store and forced the clerk at gunpoint to perform oral sex on him. He later pleaded guilty to robbery in the first degree (Penal Law § 160.15 [4]) and criminal sexual act in the first degree (§ 130.50 [1]) [*2]with respect to those acts and was sentenced as an adult to nine years in prison. As defendant neared his release date, County Court held a hearing pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.) after which it determined that 105 points should be assessed against him on the RAI, making defendant a presumptive level two risk. In a letter sent to defendant following the hearing, however, the court, through its law clerk, stated that it was considering an upward departure to a level three risk based on the underlying facts of two juvenile delinquency adjudications from 2007, when defendant was 14 years old. The case was rescheduled to give defendant an opportunity to be heard in opposition to the possible grant of a sua sponte upward departure.
At the ensuing court appearance, defense counsel objected to the court's consideration of the facts underlying the juvenile delinquency adjudications. In support of the objection, defense counsel relied on Family Court Act § 381.2 (1), which provides that "any confession, admission or statement" made by a juvenile delinquent in Family Court is inadmissible "as evidence against him or his interests in any other court." The People did not respond to defendant's argument with respect to the admissibility of the underlying facts of the juvenile delinquency adjudications. Instead, they sought an upward departure on other grounds not relevant to this appeal.
Nevertheless, the court granted an upward departure based solely on the underlying facts of the juvenile delinquency adjudications, which did not involve any sex offenses or allegations of sexual misconduct. In doing so, the court cited to a portion of defendant's presentence report (PSR) from the predicate sex offense that recounts defendant's criminal history and indicates that the juvenile delinquency adjudications arose from a home burglary and a liquor store robbery during which defendant stole alcohol. That was error.
"[B]ecause Correction Law § 168-n (3) compels the People to prove the existence of facts supporting a defendant's overall risk level classification by clear and convincing evidence, the People cannot obtain an upward departure pursuant to the guidelines unless they prove the existence of certain aggravating circumstances by clear and convincing evidence" (People v Gillotti, 23 NY3d 841, 861-862 [2014]; see People v Tatner, 149 AD3d 1595, 1595 [4th Dept 2017], lv denied 29 NY3d 916 [2017]). Such aggravating circumstances must, of course, be proved by admissible evidence (cf. People v Diaz, 100 AD3d 1491, 1491 [4th Dept 2012], lv denied 20 NY3d 858 [2013]).
Although juvenile delinquency adjudications cannot be considered crimes for SORA purposes when the court is assessing points for criminal history (see Family Ct Act § 381.2 [1]; People v Gibson, 149 AD3d 1567, 1568 [4th Dept 2017]; People v Brown, 148 AD3d 1705, 1706-1707 [4th Dept 2017]), the underlying facts of the adjudications may be considered when determining whether to grant an upward departure from the recommended risk level (see People v Updyke, 133 AD3d 1063, 1064 [3d Dept 2015]; People v Shaffer, 129 AD3d 54, 56 [3d Dept 2015]).
Here, as noted, defendant challenged the admissibility of the underlying facts of his juvenile delinquency adjudications as set forth in the PSR, asserting that they appeared to be based upon admissions that he made in Family Court. The challenge was well founded inasmuch as the PSR stated that defendant entered admissions to both juvenile delinquency adjudications, and the PSR does not indicate the source of its summary of the underlying facts. As further noted, the People did not respond to defendant's objection. On appeal, the People state that the references in the PSR to the underlying facts "appear to be summaries of the accusatory instruments filed in Family Court" (emphasis added). Such speculation has no basis in the record and cannot sustain the court's ruling (see generally Diaz, 100 AD3d at 1491). It is just as likely, if not more so, that the summary of the underlying facts of the juvenile delinquency adjudications came from defendant's admissions thereto, which would render the summary inadmissible under Family Court Act
§ 381.2 (1).
In light of defendant's objection pursuant to Family Court Act
§ 381.2 (1) and the People's failure to respond thereto, the record does not establish the admissibility of the statements in the PSR recounting the facts underlying defendant's juvenile delinquency adjudications. County Court thus erred in relying on those facts as aggravating circumstances to justify the upward departure inasmuch as it cannot be said that those facts are [*3]supported by admissible evidence (see generally Diaz, 100 AD3d at 1491). We therefore conclude that the People failed to meet their burden at the SORA hearing of proving the existence of aggravating circumstances by clear and convincing evidence (see generally Gillotti, 23 NY3d at 861-862), and the court erred in granting an upward departure from risk level two to risk level three.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court