People v Hart (2024 NY Slip Op 02071)

People v Hart

2024 NY Slip Op 02071

Decided on April 17, 2024

Appellate Division, Second Department

Brathwaite Nelson, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-08325

[*1]People of State of New York, respondent, 
v
James Hart, appellant.

APPEAL by the defendant from an order of the Supreme Court (Guy J. Mangano, Jr., J.), entered November 12, 2021, in Kings County, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Patricia Pazner, New York, NY (Patty C. Walton and Tara Kumar of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

BRATHWAITE NELSON, J.P.

OPINION & ORDER
In People v Campbell (98 AD3d 5), this Court held that a defendant's prior juvenile delinquency adjudication under article 3 of the Family Court Act may not be considered in determining the defendant's risk level designation under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). On this appeal, we are asked to consider whether a SORA court is precluded by Campbell from considering a defendant's prior juvenile delinquency adjudication from New Jersey. For the reasons discussed below, we hold that the Board of Examiners of Sex Offenders (hereinafter the Board) and a SORA court may properly consider the defendant's prior out-of-state juvenile delinquency adjudication in determining the defendant's SORA risk level designation.
I. Background
In 1992, the defendant was convicted in New Jersey of sexual assault in the second degree (NJ Stat Ann § 2C:14-2[c]) and subsequently sentenced to a term of imprisonment. In or about May 2020, the defendant moved to New York and became subject to registration pursuant to SORA (see Correction Law § 168-k[2]). At a SORA hearing, the People sought the assessment of 130 points under the risk assessment instrument, including points under risk factors 8 and 9 based upon a New Jersey juvenile delinquency adjudication for "Sexual Assault" when the defendant was 15 years old. The defendant opposed the assessment of those points, arguing that pursuant to Campbell, the Supreme Court could not consider a juvenile delinquency adjudication in a SORA proceeding. The defendant also sought a downward departure from the presumptive risk assessment level. After the hearing, the court assessed the defendant a total of 130 points, denied the defendant's application for a downward departure, and designated the defendant a level three sex offender. The defendant appeals.
II. Discussion
Correction Law § 168-l(5) authorizes the Board to develop guidelines and procedures to assess the risk of a repeat offense by a particular sex offender and the threat posed to public safety. The statute directs that the guidelines shall be based upon a list of nonexclusive factors (see id. § 168-l[5][a]). Among the list of factors that are "indicative of high risk of repeat offense," the statute identifies "the age of the sex offender at the time of the commission of the first sex offense" (id. § [*2]168-l[5][a][v]). Consistent with this statutory directive, the Guidelines assess 10 points under risk factor 8 if the defendant's age at the commission of his or her first sex offense was 20 years or younger (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006]; hereinafter Guidelines). The Commentary to the Guidelines explains that an offender's age at the commission of his or her first sex crime is a factor associated with recidivism and those who offend at a young age are more prone to reoffend (see id.). The Guidelines expressly contemplate that a juvenile delinquency adjudication may serve as the basis for the assessment of points under risk factor 8, as the adjudication is a reliable determination that the offender committed the underlying conduct (see id. at 6, 13). Under risk factor 9 of the Guidelines, a sex offender is assessed 30 points if, inter alia, he or she has a prior conviction or adjudication for a sex offense (see id. at 13-14). The Board acknowledged that a youthful offender or juvenile delinquency adjudication is not a conviction but nonetheless determined to consider such an adjudication as evidence of criminal history because it constitutes a reliable determination that the offender committed the underlying criminal conduct (see id. at 6).
Although the express language in the Guidelines provides that a juvenile delinquency adjudication constitutes proof for the assessment of points under risk factors 8 and 9, in People v Campbell (98 AD3d 5), this Court held that a juvenile delinquency adjudication rendered under Family Court Act article 3 could not properly be considered in a SORA proceeding. This Court determined that such use was prohibited by Family Court Act § 381.2 (see People v Campbell, 98 AD3d at 12-13). That statute provides that "[n]either the fact that a person was before the family court under this article for a hearing nor any confession, admission or statement made by him [or her] to the court or to any officer thereof in any stage of the proceeding is admissible as evidence against him [or her] or his [or her] interests in any other court" (Family Ct Act § 381.2[1]). As the only statutory exception to that prohibition is for the purpose of "imposing sentence upon an adult after conviction" (id. § 381.2[2]), this Court in Campbell held that the Board and a SORA court lack the authority to consider such a juvenile delinquency adjudication to determine a SORA risk assessment (see People v Campbell, 98 AD3d at 12-13; accord People v Ruland, 128 AD3d 1036, 1037; People v Dash, 111 AD3d 907, 907-908; People v Felice, 100 AD3d 609, 610). While this Court did not "quarrel with the . . . finding that the age of an offender at the time of . . . first sex offense is relevant to that offender's likelihood of reoffense and danger to public safety," it determined that "the Board was without the power to adopt a guideline which contravenes the clear legislative pronouncement set forth in Family Court Act § 381.2" (People v Campbell, 98 AD3d at 13).
Here, the defendant was adjudicated a juvenile delinquent for a sex offense in New Jersey. Contrary to the defendant's contention, this Court's holding in Campbell does not preclude a SORA court from considering the defendant's New Jersey adjudication. As discussed above, the prohibition in Campbell rested on the language of Family Court Act § 381.2 (see People v Francis, 137 AD3d 91 [declining to extend Campbell's reasoning to youthful offender adjudications]). The Legislature, while protecting Family Court Act article 3 proceedings, has also identified the age of a sex offender at the time of the first sex offense to be a factor "indicative of high risk of repeat offense" to be considered under the Guidelines (Correction Law § 168-l[5][a][v]), in addition to the nature of prior offenses (see id. § 168-l[5][b][iii]). While an adjudication or statements made to the court or an officer in a Family Court Act article 3 proceeding may not be used as proof at a SORA hearing, the People are not precluded from establishing the underlying conduct by other means (see People v Gray, 84 NY2d 709, 712; People v Greer, 42 NY2d 170, 176; People v Shaffer, 129 AD3d 54, 56; Dukes v New York City Hous. Auth., 63 AD2d 690, 691). The defendant's juvenile delinquency adjudication was not rendered under New York's Family Court Act article 3, and, thus, the provisions of the Family Court Act, including section 381.2, do not apply to it.
Additionally, New Jersey does not have a comparable proscription on the use of its juvenile delinquency adjudications. To the contrary, juveniles adjudicated delinquent for sex offenses are required to register under New Jersey's Registration and Community Notification Law, and the adjudication and records relating to it are considered in determining the level of sex offender classification (see State of New Jersey In the Interest of C.K., 233 NJ 44, 182 A3d 917; In the Matter of Registrant J.G., 169 NJ 304, 777 A2d 891). Thus, contrary to the defendant's contention, the Supreme Court did not err in assessing points under risk factors 8 and 9 based upon the defendant's New Jersey juvenile delinquency adjudication.
Furthermore, the defendant failed to establish his entitlement to a downward [*3]departure (see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112).
In light of our determination, we need not reach the People's remaining contention.
Accordingly, the order is affirmed.
WOOTEN, WAN and LOVE, JJ., concur.
ORDERED that the order is affirmed, without costs or disbursements.
ENTER:
Darrell M. Joseph
Clerk of the Court