People v Smith (2025 NY Slip Op 02464)

People v Smith

2025 NY Slip Op 02464

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, GREENWOOD, AND HANNAH, JJ.

207 KA 21-01002

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN SMITH, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (AXELLE LECOMTE MATHEWSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT.

 Appeal from a resentence of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered May 24, 2021. Defendant was resentenced upon his conviction of attempted rape in the third degree. 
It is hereby ORDERED that said appeal is unanimously dismissed to the extent defendant challenges the legality of the resentence and the resentence is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted rape in the third degree (Penal Law § 110.00, former § 130.25 [3]) and, in appeal No. 2, he appeals from a resentence on that conviction. Initially, we note that defendant's contentions on appeal concern only the resentence in appeal No. 2, and we therefore dismiss the appeal from the judgment in appeal No. 1 (see People v Davis, 186 AD3d 1073, 1073 [4th Dept 2020]; People v Loiz [appeal No. 2], 175 AD3d 872, 872-873 [4th Dept 2019]; People v Patterson, 128 AD3d 1377, 1377 [4th Dept 2015]).
With respect to appeal No. 2, we note, preliminarily, that defendant's contentions would survive even a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Lopez, 151 AD3d 1649, 1650 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]; People v Tate, 83 AD3d 1467, 1467 [4th Dept 2011]). Consequently, we need not address the validity of the appeal waiver (see People v Morse, 233 AD3d 1470, 1470 [4th Dept 2024]; People v Morrison, 216 AD3d 1430, 1431 [4th Dept 2023], lv denied 40 NY3d 935 [2023]). Defendant's challenge to the legality of the resentence was rendered moot inasmuch as he has served the sentence in its entirety (see People v Dennis, 179 AD3d 1451, 1451 [4th Dept 2020]; People v John, 288 AD2d 848, 850 [4th Dept 2001], lv denied 97 NY2d 705 [2002]; People v Dukes, 156 AD2d 959, 960 [4th Dept 1989], lv denied 75 NY2d 918 [1990]), and we conclude that the exception to the mootness doctrine does not apply (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]) and therefore dismiss the appeal to that extent.
We note that the certificate of conviction erroneously states that defendant's sentence of probation was revoked because of a violation and must be amended to correctly state that the sentence of probation was vacated (see generally People v Jones, 224 AD3d 1348, 1353 [4th Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Thurston, 208 AD3d 1629, 1630 [4th Dept 2022]; People v Lewis, 185 AD3d 1542, 1543 [4th Dept 2020], lv denied 35 NY3d 1114 [2020]). Finally, we have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the resentence.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court