People v Singleton (2026 NY Slip Op 00756)

People v Singleton

2026 NY Slip Op 00756

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND HANNAH, JJ.

1006 KA 24-01223

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vJERWIE L. SINGLETON, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALINA M. YOUNG OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Ontario County Court (Brian D. Dennis, J.), dated June 18, 2024. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: On appeal from an order determining that he is a level three risk and a sexually violent offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law § 168 et seq.), defendant contends that County Court erred in assessing points for his criminal history based upon a prior juvenile delinquency adjudication. We agree. Defendant was assessed 10 points under risk factor 8 for his age at the time of his first sex crime based on a juvenile delinquency adjudication when he was 15 years old, and the court rejected defendant's challenge to the assessment of points under that risk factor. We have repeatedly held, however, that a juvenile delinquency adjudication may not be considered a crime for purposes of assessing points in a SORA determination (see People v Gibson, 149 AD3d 1567, 1568 [4th Dept 2017]; People v Brown, 148 AD3d 1705, 1707 [4th Dept 2017]; see also People v Campbell, 98 AD3d 5, 12-13 [2d Dept 2012], lv denied 20 NY3d 853 [2012]). Consequently, we conclude that the court erred in considering defendant's juvenile delinquency adjudication in assessing 10 points under risk factor 8.
Defendant also contends that the court erred when it, in the alternative, adjudicated him a level three risk through application of an automatic override based on "a clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; see generally People v Cohen, 232 AD3d 1207, 1207-1208 [4th Dept 2024]). We agree. It is well settled that "[t]he People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Schiavoni, 107 AD3d 773, 773 [2d Dept 2013], lv denied 21 NY3d 864 [2013]; see Correction Law § 168-n [3]; People v Cobb, 141 AD3d 1174, 1175 [4th Dept 2016]). Here, we conclude that there was no evidence in the record to support the court's conclusion that the aforementioned automatic override was applicable here. While the record supports the conclusion that defendant suffered from mental illness and that he exhibited impulsive behavior, there was no clinical assessment in the record establishing that his mental illness decreased his ability to control his behavior. Of note, neither the People nor the Board of Examiners of Sex Offenders requested that the court apply the automatic override here and, further, defendant never had the opportunity to oppose use of the override before the court decided to apply it. Consequently, we conclude that the court erred in its alternative determination that defendant was a level three risk based on the automatic override.
Without the improperly assessed points under risk factor 8 and the automatic override, defendant is a presumptive level two risk. Under the circumstances of this case, we remit the matter to County Court for further proceedings to determine whether an upward or downward departure is warranted (see Brown, 148 AD3d at 1707; see generally People v Weber, 40 NY3d 206, 211-212 [2023]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court