■ ALLAN G. RAMSAY, Appellant-Respondent, v MARY IMOGENE BASSETT HOSPITAL et al., Respondents-Appellants.— Weiss, J.

Plaintiff was formerly employed by defendant Mary Imogene Bassett Hospital (hereinafter the hospital) in Otsego County as a physician from 1970 until June 30, 1981. In this action commenced July 12, 1984, plaintiff alleged that defendant Charles A. Ashley, individually and as executive officer of the hospital, wrote unfair, biased and inaccurate letters of reference concerning plaintiff's qualifications to hospitals, clinics, schools, pharmaceutical companies and other prospective employers, as a result of which plaintiff has been unable to secure employment as a physician. Plaintiff alleged that he did not learn of the unfavorable nature of any of the letters until December 1983 when he was allowed to view a file at a Utah hospital where he applied for employment. Plaintiff was unable to gain access to files at other institutions at which his application for employment had been rejected. This court previously modified an order of Supreme Court which had, among other things, denied a motion by defendants to dismiss the complaint on Statute of Limitations grounds and held that plaintiff's action sounded in defamation and was subject to a one-year Statute of Limitations (113 AD2d 149, 151-152, *lv dismissed* 67 NY2d 1028). We therefore limited the scope of

plaintiff's discovery to letters of reference received by prospective employers within one year preceding commencement of the action *(supra,* at 152-153). Following plaintiff's unsuccessful attempts to discover any evidence to support his allegations of false references made within the one-year period preceding this action, defendants again moved for summary judgment dismissing the complaint and for the imposition of sanctions against plaintiff. Plaintiff cross-moved for leave to serve a second amended complaint and for an adjournment of defendants' motion until after his motion had been heard. Supreme Court dismissed the first amended complaint and denied plaintiff's cross motion for leave to amend his complaint and that part of defendants' motion which sought sanctions. These cross appeals ensued.

Plaintiff has focused his argument upon the assertion that he has pleaded causes of action in "prima facie tort, in particular, tortious interference with the right to contract". Our prior decision, holding that the claimed injury to plaintiff's reputation sounded in defamation subject to a one-year time limitation, remains the law of the case *(supra,* at 152) and "should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" *(Martin v City of Cohoes,* 37 NY2d 162, 165). Unless such extraordinary circumstances appear as a change in the law or a showing of new evidence affecting the prior decision plain enough to warrant reargument, subsequent reconsideration is precluded *(see, Foley v Roche,* 86 AD2d 887).

Neither circumstance is here present. There has been no change in the law of defamation, nor has plaintiff's extended discovery produced new evidence to support reconsideration. Ashley's letters of July 19, 1983 and December 7, 1983 to prospective employers of plaintiff were before us on the prior appeal and neither is found to contain defamatory or false information. Therefore, Supreme Court correctly held that plaintiff's "quest for proof of wrongdoing by defendants within the period limited by the Appellate Division has been fruitless". In light of this evidentiary showing, plaintiff had the burden to establish the existence of an issue of fact by laying bare affirmative proof in evidentiary form demonstrating that those matters alleged are real and capable of being proven at a trial *(see, Zuckerman v City of New York,* 49 NY2d 557). His contentions that Ashley also made malicious, misleading, biased and negative comments about his professional performance in telephone calls to prospective employers have not been substantiated by proof in evidentiary form and thus

remain conjecture, speculation and surmise. We similarly find that plaintiff's motion to amend his complaint was properly denied since the essence of the action remains as one sounding in defamation *(see,* 113 AD2d 149, *supra)* and relies principally upon facts and claims previously asserted.

Finally, we find no error in the denial of that part of defendants' motion seeking sanctions against plaintiff. Plaintiff's inability to produce evidence through discovery proceedings is not tantamount to bad faith or frivolity *(cf., Mitchell v Herald Co.,* 137 AD2d 213, *appeal dismissed* 72 NY2d 952). Although Ashley had communicated with prospective employers, either the lapse of time or the office procedures of those institutions has resulted in the destruction of application files, making production of the letters impossible.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Mercure and Harvey, JJ., concur.