■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT KING, Appellant. [848 NYS2d 212]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Marrero, J.), dated March 7, 2006, which, after a hearing and upon the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new hearing and, thereafter, a new determination on the issue of whether an upward departure from the defendant's presumptive risk level two classification is warranted.

"In establishing an offender's appropriate risk level assessment under [the Sex Offender Registration Act; hereinafter SORA], the People have 'the burden of proving the facts supporting the determinations sought by clear and convincing evidence' (Correction Law § 168-n [3])" (*People v Hardy*, 42 AD3d 487, 487 [2007], *lv denied* 9 NY3d 814 [2007]; *see People v Lawless*, 44 AD3d 738 [2007]). Contrary to the defendant's contention, the proof presented by the People was sufficient to show, by clear and convincing evidence, both that the defendant used a dangerous instrument in the commission of the subject crimes and that the victim was a "stranger" to the defendant within the meaning of the SORA guidelines for risk factors one and seven. Accordingly, the Supreme Court properly assessed the defendant 30 points under risk factor 1 and 20 points under risk factor seven (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 7, 12 [2006 ed]; *People v Hardy*, 42 AD3d 487 [2007], *lv denied* 9 NY3d 814 [2007]).

However, as correctly conceded by the People in their brief, the Supreme Court improperly assessed the defendant 10 points under risk factor 10, "Recency of prior felony or sex crime." Without those 10 points, the defendant's total score is 105, making the defendant a presumptive level two sex offender, rather than a level three sex offender, as he was originally assessed, and finally determined to be by the Supreme Court. Since the Supreme Court did not rule on the People's request, in effect, for an upward departure in the event that the defendant would not have otherwise been found to be a level three sex offender, it is appropriate to remit the matter to the Supreme Court, Kings County, for a new hearing and determi-

nation (*see People v Costello*, 35 AD3d 754 [2006]). Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.