■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO L. SWAIN, Appellant. [848 NYS2d 726]—

Mugglin, J. Appeal from an order of the County Court of Saratoga County (Scarano, J.), entered January 31, 2007, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 1992, defendant pleaded guilty to attempted rape in the first degree by forcible compulsion (*see* Penal Law § 130.35 [1]) and was thereafter sentenced to an indeterminate term of imprisonment. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders evaluated defendant at a risk factor score of 130 which presumptively placed him at a risk level three classification. Following a hearing at which defendant did not personally appear, County Court determined defendant's score to be 115 and classified defendant as a risk level three sex offender. Defendant appeals.

At the hearing pursuant to the Sex Offender Registration Act in County Court, defendant's assigned attorney argued that under risk factor 1, the assignment of 30 points for being armed with a dangerous instrument was error. It is undisputed that during the commission of the offense, defendant was armed with a BB gun. In order for a BB gun to be classified as a dangerous instrument (*see* Penal Law § 10.00 [13]), it must be shown that the BB gun was loaded and operable (*see People v Wasson*, 266 AD2d 701, 702 [1999]; *People v Espinoza*, 253 AD2d 983, 983 [1998]) or that it was used as a bludgeoning object (*see People v Wilson*, 252 AD2d 241, 249 [1998]; *People v Colavito*, 126 AD2d 554, 555 [1987], *affd* 70 NY2d 996 [1988]). Here, the record does not contain clear and convincing evidence that the BB gun was either loaded and operable or used as a bludgeoning device during the commission of the offense (*see People v Dort*, 18 AD3d 23, 24 [2005], *lv denied* 4 NY3d 885 [2005]). However, since defendant did use forcible compulsion in the commission of the crime, risk factor 1 should have been scored as 10.

Next, defense counsel attacked the assignment of 25 points under risk factor 2, contending that the clear and convincing evidence did not establish that defendant engaged in sexual intercourse. County Court agreed, finding only sexual contact under clothing and appropriately scored this category at 10, not 25.

Defense counsel's challenge to the assignment of 15 points under risk factor 11 dealing with a history of drug or alcohol

abuse is meritless. The case summary indicates that defendant was stealing in order to support his drug habit. Although the case summary is hearsay, it may be considered and, in this case, provides clear and convincing evidence to support the assignment of 15 points under risk factor 11 (*see People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]).

Defendant is entitled to a reduction of 20 points as a result of the error regarding risk factor 1, reducing his total risk factor score to 95, which makes defendant a presumptive level two sex offender. We note, however, that the record contains some evidence that an upward departure from the presumptive level may be warranted because "there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]). We further note that because defendant was determined to be a level three sex offender, County Court had no reason to consider whether clear and convincing evidence exists to warrant such a departure. Under these unique circumstances, we remit the matter to County Court for consideration of any factors which may warrant an upward modification (*see People v Kraus*, 45 AD3d 826, 827 [2007]).

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision.