THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. STEWART, Appellant. [876 NYS2d 208]—

Mercure, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered May 14, 2008, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty in September 1998 to aggravated sexual abuse in the second degree and was sentenced to a prison term of 7¹/₂ to 15 years. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument, which presumptively classified defendant as a risk level two sex offender (90 points) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C), but recommended an upward departure from that

risk level. At the hearing that followed, County Court denied the Board's request—in which the People had joined—on the ground that it was rendered academic by the court's determination that defendant should be assessed an additional 20 points for the number of victims, thereby raising defendant's overall score to 110 points and classifying him as a risk level three sex offender. Defendant now appeals, contending that County Court's classification is not supported by clear and convincing evidence.

The People bear the burden of establishing the proper risk level classification by clear and convincing evidence (*see People v Lesch*, 38 AD3d 1129, 1130 [2007], *lv denied* 8 NY3d 816 [2007]; *People v Arotin*, 19 AD3d 845, 847 [2005]), i.e., "evidence which makes it highly probable that the alleged activity actually occurred" (*People v Dominie*, 42 AD3d 589, 590 [2007] [internal quotation marks and citations omitted]). To that end, County Court may consider reliable hearsay including, among other things, the presentence investigation report, risk assessment instrument and case summary (*see People v Hazen*, 47 AD3d 1091, 1092 [2008]), as well as any grand jury testimony and the victim's sworn statement to police (*see People v Dominie*, 42 AD3d at 590). We note, however, that hearsay statements that are vague, inconsistent or equivocal, and otherwise unsubstantiated, do not qualify as "reliable" and, hence, cannot rise to the level of clear and convincing evidence (*see id.*).

Here, in finding that there were multiple victims, County Court relied upon a statement made by the then seven-year-old victim in September 1998 that "[defendant] told me he did this with Cara and Cara liked it so I would, too." Noting that defendant admitted that "[e]verything [the victim] said I did when I did it is all true," County Court reasoned that there indeed were two victims and assessed an additional 20 points. The flaw in the court's analysis is that defendant's July 1998 admission was made two months prior to the victim's statement suggesting the possibility of another victim. Therefore, defendant's statement cannot be deemed to corroborate the victim's allegation, and the belief of the victim's mother that defendant may have sexually abused another child is similarly deficient. In the absence of any reliable evidence to substantiate the finding of multiple victims, the equivocal hearsay evidence relied upon by County Court does not constitute clear and convincing evidence (*see People v Warrior*, 57 AD3d 1471, 1471 [2008]).

Accordingly, defendant's total risk factor score must be reduced by 20 points, resulting in a presumptive classification as a risk level two sex offender. Notwithstanding the presump-

tive classification, however, we note that the record contains evidence that an upward departure may be warranted. Inasmuch as County Court did not consider whether an upward departure was appropriate in light of its determination that defendant was a risk level three sex offender, we remit the matter to County Court for consideration of any factors warranting an upward modification (*see People v Swain*, 46 AD3d 1157, 1159 [2007]; *see also People v Miranda*, 24 AD3d 909, 911-912 [2005]).

Cardona, P.J., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.