Appeal by the defendant from an order of the County Court, Dutchess County (Forman, J.), dated October 29, 2010, which, upon a decision dated October 26, 2010, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C. The notice of appeal from the decision dated October 26, 2010, is deemed to be a notice of appeal from the order dated October 29, 2010 (see CPLR 5512 [a]).
Ordered that the order dated October 29, 2010, is reversed, on the law, without costs or disbursements, and the matter is remitted to the County Court, Dutchess County, for a reopened hearing and a new determination in accordance herewith.
*610 In 2004 the defendant was convicted, upon his plea of guilty, of sodomy in the first degree (see Penal Law § 130.50 [3]). In evaluating the defendant for registration as a sex offender pursuant to the Sex Offender Registration Act (see Correction Law article 6-C; hereinafter SORA), the defendant was assessed a total of 120 points, which presumptively placed him in the level three sexually violent offender category. As relevant to the instant appeal, at the SORA hearing, the County Court assessed the defendant 10 points under risk factor 8 and 30 points under risk factor 9 based upon the defendant’s prior juvenile delinquency adjudication for committing an act which, if committed by an adult, would have constituted the crime of unlawful imprisonment in the first degree (see Penal Law § 135.10).
In light of this Court’s recent holding in People v Campbell (98 AD3d 5 [2012]), the defendant’s prior juvenile delinquency adjudication should not have been considered in determining his appropriate risk level designation under SORA. Accordingly, the defendant should not have been assessed 10 points under risk factor 8 and should have been assessed only 15 points under risk factor 9, which results in a total risk factor score of 95 points, making him a presumptive level two sexually violent offender. However, the record of the SORA hearing indicates that the People would have sought an upward departure had the County Court not designated the defendant a level three sexually violent offender. Under the circumstances of this case, we remit the matter to the County Court, Dutchess County, to reopen the SORA hearing for the purpose of determining whether an upward departure from the defendant’s presumptive designation as a level two sexually violent offender is warranted (see e.g. People v Stewart, 61 AD3d 1059, 1061 [2009]; People v King, 46 AD3d 529 [2007]; People v Swain, 46 AD3d 1157, 1159 [2007]; People v Kraus, 45 AD3d 826, 827 [2007]). Rivera, J.E, Dickerson, Hall and Cohen, JJ., concur.