■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE RULAND, Appellant. [9 NYS3d 648]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated January 7, 2014, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the County Court, Suffolk County, for a reopened risk assessment hearing and a new risk level determination in accordance herewith.

In 2012, the defendant was convicted of sexual abuse in the first degree. Prior to his release on parole, the defendant was assessed a total of 105 points pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]) Risk Assessment Instrument (hereinafter RAI), making him a presumptive level two sex offender. However, the RAI also recommended an upward departure to level three.

At the subsequent hearing, the People argued that a level three designation was required because the defendant was subject to an "automatic override" based on a previous conviction of a felony sex offense (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13-14 [2006] [hereinafter the Guidelines]). Specifically, the People asserted that the defendant "was convicted in 2010 of sexual abuse in the second degree, also a felony." Defense counsel acknowledged that the defendant was subject to the automatic override. Thereafter, the County Court stated "[t]he People are indeed correct. [The defendant] is subject to an automatic override [and is] designated as a Level 3 sexually violent felony offender." No other evidence was adduced at the hearing with respect to the defendant's risk level.

In a written order, issued three weeks after the hearing, the County Court denied the People's request for an automatic override. In pertinent part, the court stated: "Contrary to the People's argument, the defendant's prior conviction was for the crime of sexual abuse in the second degree which is designated as a class 'A' misdemeanor" (Penal Law § 130.60) and, thus, "the presumptive override does not apply in this case." However, the court then granted the People's application for an upward departure, finding the existence of an aggravating factor that is not adequately taken into account by the Guidelines. In this regard, the court relied upon the prior conviction of sexual abuse in the second degree, and the fact that the defendant had also been "adjudicated a juvenile delinquent in 2001 for acts involving . . . sexual abuse."

As the People correctly concede, the defendant's prior juvenile delinquency adjudication should not have been considered in determining his appropriate risk level designation under SORA (*see People v Dash*, 111 AD3d 907 [2013]; *People v Felice*, 100 AD3d 609 [2012]; *People v Campbell*, 98 AD3d 5 [2012]). Moreover, the defendant's prior conviction of sexual abuse in the second degree is not an aggravating factor under the Guidelines, since it was adequately taken into account with the assessment of 30 points under risk factor 9 of the risk assessment instrument (*see* Guidelines at 4; *People v Gillotti*, 23

NY3d 841, 861 [2014]; *People v Cruz*, 111 AD3d 685 [2013]). Thus, the County Court upwardly departed without following the required three analytical steps of determining, first, whether an aggravating factor exists as a matter of law, second, whether the People have adduced clear and convincing evidence of the facts in support of that aggravating factor, and third, whether, in the court's discretion, the totality of the circumstances warrant the upward departure to avoid an under-assessment of the defendant's dangerousness and risk of sexual recidivism (*see People v Gillotti*, 23 NY3d at 861).

In light of these errors, as well as the circumstances of this particular case, we deem it appropriate to remit the matter to the County Court, Suffolk County, to reopen the SORA risk assessment hearing for the purpose of determining whether an upward departure from the defendant's presumptive risk level designation is warranted (*see e.g. People v Felice*, 100 AD3d at 610; *People v Stewart*, 61 AD3d 1059 [2009]; *People v King*, 46 AD3d 529 [2007]; *see also People v Willingham*, 101 AD3d 979 [2012]).

In light of our determination, we need not address the defendant's remaining contention. Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.