■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM J. SEABOLT, Appellant. [50 NYS3d 724]—

Appeal from an order of the Monroe County Court (Christopher S. Ciaccio, J.), entered November 24, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). As the People correctly concede, County Court erred in applying an incorrect standard of proof when it granted the People's request for an upward departure to a level three risk. The court found the existence of the aggravating factors by a preponderance of the evidence, but it is well settled that, "because Correction Law § 168-n (3) compels the People to prove the existence of facts supporting a defendant's overall risk level classification by clear and convincing evidence, the People cannot obtain an upward departure pursuant to the guidelines unless they prove the existence of [the alleged] aggravating circumstances by clear and convincing evidence" (*People v Gillotti*, 23 NY3d 841, 861-862 [2014]). We therefore reverse the order, and we remit the matter to County Court for a determination of the People's request for an upward departure, following a further hearing if necessary. Present— Whalen, P.J., Smith, Centra, Curran and Scudder, JJ.