People v Hinson (2019 NY Slip Op 02184)





People v Hinson


2019 NY Slip Op 02184


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

525876

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MAURICE HINSON, Appellant.

Calendar Date: February 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ.


Kathy Manley, Selkirk, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Supreme Court (McDonough, J.), entered October 17, 2017 in Albany County, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant was charged with rape in the third degree (two counts), accusing him of engaging in sexual intercourse with a person less than 17 years old during May 2013 (count one of the indictment) and September 2013 (count two of the indictment), as well as endangering the welfare of a child. Defendant pleaded guilty to one count of rape in the third degree in full satisfaction of the indictment and was sentenced to four years in prison, to be followed by 10 years of postrelease supervision.
In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument presumptively classifying defendant as a risk level two sex offender (105 points) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). The People submitted a risk assessment instrument that presumptively classified defendant as a risk level three sex offender (125 points). Following a hearing, Supreme Court classified defendant as a risk level three sex offender (115 points), and defendant appeals.[FN1]
"The People bear the burden of proving the facts supporting the determination of a defendant's risk level by clear and convincing evidence" (People v Davis, 135 AD3d 1256, 1256 [*2][2016] [internal quotation marks and citation omitted], lv denied 27 NY3d 904 [2016]; see Correction Law § 168-n [3]). Defendant contends that the assessment of 15 points under risk factor 11 for a history of drug abuse was not supported by clear and convincing evidence. We disagree. "Alcohol and drug abuse are highly associated with sex offending . . . not [because they] cause deviate behavior [but because they] serve as a disinhibitor and therefore [are] a precursor to offending" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see People v Liddle, 159 AD3d 1286, 1287 [2018], lv denied 32 NY3d 905 [2018]). Defendant, born in 1978, admitted that he has been a habitual marihuana user since he was 17 years old. The record reflects that defendant was convicted of possessing marihuana in Florida in 2006. According to the case summary and defendant's prison disciplinary history, defendant also incurred a tier III disciplinary sanction for smoking synthetic marihuana while in prison for the instant offense, and he was on the required list for the prison alcohol and substance abuse treatment program. Further, defendant also attributed the instant offense to, in part, the fact that he was smoking marihuana at the time. In light of the foregoing, an assessment of 15 points under risk factor 11 is appropriate (see People v Liddle, 159 AD3d at 1286-1287; People v Benson, 132 AD3d 1030, 1031 [2015], lv denied 26 NY3d 913 [2015]).
We agree with defendant, however, that he should not be assessed 20 points under risk factor 4 for continuing course of sexual misconduct. Pursuant to the risk assessment guidelines, in order for the points to be assessed, the People were required to establish by clear and convincing evidence, as relevant here, that defendant engaged in "two or more acts of sexual contact, at least one of which is an act of sexual intercourse, . . . which acts are separated in time by at least 24 hours" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]). Defendant pleaded guilty to one count of having sexual intercourse with the victim and claimed that he only had sex with the victim once. The People presented a sworn statement given to the police by the victim's mother in which she recounts that, when she confronted the victim concerning her relationship with defendant, the victim told her that they "had sex two times." Even assuming that this statement constitutes reliable hearsay (see People v Mingo, 12 NY3d 563, 574 [2009]), there is no indication by the victim as to when the acts of sexual contact occurred. Although the case summary states that the presentence investigation report reflects that acts of sexual contact occurred in May 2013 and September 2013, the only reference to a September 2013 act in that report is when it lists the charges contained in the indictment. Notably, "the fact that an offender was arrested or indicted for an offense is not, by itself, evidence that the offense occurred" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]). Inasmuch as there is no evidence in the record regarding when the second act of sexual contact occurred, we cannot say that there is clear and convincing evidence that two sexual acts occurred that were separated by at least 24 hours (see People v Filkins, 107 AD3d 1069, 1070 [2013]). Subtracting 20 points from defendant's score of 115 leaves him with a score of 95, placing him in the classification of a presumptive risk level two sex offender. Insofar as defendant's remaining contention — that points were improperly assessed under risk factor 13 — concerns only 10 points, the subtraction of which would be insufficient to render him a risk level one sex offender, we need not address it.
We note that, before Supreme Court, the People requested that, in the event that defendant was found to be a risk level two sex offender, an upward departure was warranted. Because Supreme Court found defendant to be a presumptive risk level three sex offender, the court found the request for an upward departure to be moot. In light of our finding that defendant is a presumptive risk level two sex offender, the matter must be remitted for Supreme Court to consider whether an upward departure is warranted (see People v Munafo, 119 AD3d 1102, 1103 [2014]; People v Felice, 100 AD3d 609, 610 [2012]; People v Stewart, 61 AD3d 1059, 1061 [2009]).
Egan Jr., J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Although Supreme Court's written order did not set forth its findings of fact and conclusions of law supporting its determination (see Correction Law § 168-n [3]), remittal is unnecessary as the record before us is sufficient to enable us to make our own findings and conclusions of law (see People v Hemmes, 110 AD3d 1387, 1388 [2013]; People v Urbanski, 74 AD3d 1882, 1883 [2010], lv denied 15 NY3d 707 [2010]).