People v Weber (2019 NY Slip Op 07197)





People v Weber


2019 NY Slip Op 07197


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


949 KA 18-01777

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER J. WEBER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Vincent M. Dinolfo, J.), entered April 12, 2018. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in assessing 10 points for use of forcible compulsion under risk factor 1. As the People correctly concede, the court erred in that assessment inasmuch as defendant pleaded guilty to criminal sexual act in the first degree under subdivision (3) of Penal Law § 130.50, which does not require evidence of forcible compulsion (cf. People v Law, 94 AD3d 1561, 1563 [4th Dept 2012], lv denied 19 NY3d 809 [2012]), and there was no other evidence in the record establishing that defendant used forcible compulsion in committing the crime. When those 10 points are subtracted, defendant's total score makes him a presumptive level two risk.
Nevertheless, we note that an upward departure from the presumptive level may be warranted, i.e., there may be evidence of "an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Here, however, "because defendant was determined to be a level three sex offender, County Court had no reason to consider whether clear and convincing evidence exists to warrant such a departure" (People v Swain, 46 AD3d 1157, 1159 [3d Dept 2007]; see People v Stewart, 61 AD3d 1059, 1061 [3d Dept 2009]; see also People v Felice, 100 AD3d 609, 610 [2d Dept 2012]). Consequently, under the circumstances presented, we deem it appropriate to "remit the matter to County Court for further proceedings to determine whether an upward departure from defendant's presumptive risk level is warranted" (People v Brown, 148 AD3d 1705, 1707 [4th Dept 2017]; see Stewart, 61 AD3d at 1061; see also People v Price, 31 AD3d 1114, 1115 [4th Dept 2006]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court