People v Bryant (2020 NY Slip Op 05646)





People v Bryant


2020 NY Slip Op 05646


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


661 KA 19-01305

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HOWARD BRYANT, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Christopher S. Ciaccio, J.), entered May 6, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act, and as modified the order is affirmed without costs.
Memorandum: On appeal from an order classifying him as a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.) upon his conviction for attempted aggravated sexual battery in Tennessee, defendant argues that County Court erred in assessing five points under risk factor two for "sexual contact" with the victim. We agree.
"For risk level classification purposes, the definition[s] of terms set forth in the Penal Law are utilized" (People v Parrish, 159 AD3d 1238, 1239 [3d Dept 2018]), and the Penal Law defines "sexual contact" as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3] [emphasis added]). Here, the record is devoid of any evidence, much less the requisite clear and convincing evidence (see generally People v Pettigrew, 14 NY3d 406, 408 [2010]), that defendant touched the victim's "sexual or other intimate parts." Rather, the record contains only a statement from the victim that defendant "touched her inappropriately." An "inappropriate" touch, however, encompasses a far broader array of conduct than that classified as "sexual conduct" by section 130.00 (3). In the absence of evidence that defendant's "inappropriate" touch in this case amounted to "sexual contact" as defined by section 130.00 (3), the victim's statement does not satisfy the People's burden to prove, by clear and convincing evidence, that five points should be assessed under risk factor two.
Moreover, although defendant was indicted for aggravated sexual battery under Tennessee law—an offense that includes "sexual contact" as an element (see Tenn Code Ann §§ 39-13-501 [6]; 39-13-504 [a])—he was ultimately convicted only of attempted aggravated sexual battery, and it is well established that " 'the fact that an offender was arrested or indicted for an offense is not, by itself, evidence that the offense occurred' " (People v Hinson, 170 AD3d 1385, 1387 [3d Dept 2019], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]). Thus, contrary to the court's determination, defendant's mere indictment for aggravated sexual battery does not satisfy the People's burden to prove by clear and convincing evidence that five points should be assessed under risk factor two. The People's reliance on People v Jewell (119 AD3d 1446 [4th Dept 2014], lv denied 24 NY3d 905 [2014]) is misplaced; in that case, the victim's grand jury testimony, which was submitted to the SORA court, proved the requisite "sexual contact" for purposes of risk factor two (id. at 1447-1448). Here, in contrast, the People did not submit grand jury testimony or any other evidence to [*2]demonstrate that defendant actually subjected the victim to "sexual contact" as defined by Penal Law § 130.00 (3).
Defendant is a presumptive level one sex offender without the five points improperly assessed under risk factor two. We therefore modify the order accordingly. Finally, inasmuch as the People explicitly declined to seek an upward departure at the SORA hearing, their present request to remit "for further proceedings to determine whether an upward departure may be warranted" is unpreserved and beyond our review (see People v Current, 147 AD3d 1235, 1238 [3d Dept 2017]; cf. People v Felice, 100 AD3d 609, 610 [2d Dept 2012]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court