People v Bajek (2021 NY Slip Op 00946)





People v Bajek


2021 NY Slip Op 00946


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


159 KA 19-02203

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDREW BAJEK, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Vincent M. Dinolfo, J.), entered October 21, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (SORA) (Correction Law § 168 et seq.). We agree with defendant that County Court improperly assessed 25 points under risk factor two for sexual contact with the victim because the People did not establish by the requisite clear and convincing evidence (see People v Pettigrew, 14 NY3d 406, 408 [2010]) that there was any sexual contact between defendant and the victim (see People v Blue, 186 AD3d 1088, 1090 [4th Dept 2020], lv denied 36 NY3d 901 [2020]). Defendant's score on the risk assessment instrument should therefore be reduced, which results in a total score of 70 and renders defendant a presumptive level one risk. We therefore modify the order accordingly. Because the People failed to seek an upward departure at the SORA hearing, their present request to remit for further proceedings to determine whether an upward departure may be warranted is "unpreserved and beyond our review" (People v Bryant, 187 AD3d 1657, 1658 [4th Dept 2020]).
In light of our determination, defendant's remaining contention is academic.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court