People v Weber (2021 NY Slip Op 03950)





People v Weber


2021 NY Slip Op 03950


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


381 KA 20-00738

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER J. WEBER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Vincent M. Dinolfo, J.), entered December 20, 2019. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). On a prior appeal, we reversed an order determining that defendant was a level three risk, concluding that County Court erred in assessing points for the use of forcible compulsion (People v Weber, 176 AD3d 1631, 1631-1632 [4th Dept 2019]). Although we vacated the risk level determination, we also remitted the matter to County Court " 'for further proceedings to determine whether an upward departure from defendant's presumptive risk level [was] warranted' " (id. at 1632). Defendant now appeals from an order that granted the People's request for an upward departure and again classified him as a level three sex offender.
Contrary to defendant's initial contention, the court did not err in considering the People's request for an upward departure. We remitted the matter for such a determination (id.), and it " 'is well settled that a trial court, upon a remand or remittitur, is without power to do anything except to obey the mandate of the higher court, and render judgment in conformity therewith' " (Wiener v Wiener, 10 AD3d 362, 363 [2d Dept 2004]; see e.g. People v Dennis, 148 AD3d 927, 928 [2d Dept 2017]; People v Garcia, 145 AD3d 1032, 1033 [2d Dept 2016]). Moreover, although the People did not request such a departure during the original SORA proceeding, there was no reason for them to do so inasmuch as the court had classified defendant as a level three risk based upon the presumptive risk level yielded by the score on his risk assessment instrument (see People v Swain, 46 AD3d 1157, 1159 [3d Dept 2007]; cf. People v Bryant, 187 AD3d 1657, 1659 [4th Dept 2020]; see generally People v Brown, 148 AD3d 1705, 1707 [4th Dept 2017]).
Contrary to defendant's further contention, the court did not err in granting an upward departure. It is well settled that "[a] court may make an upward departure from a presumptive risk level when, after consideration of the indicated factors[,] . . . [the court determines that] there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (People v Abraham, 39 AD3d 1208, 1209 [4th Dept 2007] [internal quotation marks omitted]; see generally People v Gillotti, 23 NY3d 841, 861 [2014]), and the People bear the burden of establishing such a factor by clear and convincing evidence (see People v Seabolt, 148 AD3d 1650, 1650 [4th Dept 2017]; see generally Gillotti, 23 NY3d at 861-862). Here, the court found that defendant "was unsuccessful on interim probation" inasmuch as he committed unrelated sexual assaults while on probation and was [*2]eventually adjudicated a youthful offender after pleading guilty to charges resulting from those assaults. The events underlying those offenses "were 'not adequately taken into consideration by the risk assessment guidelines and [were] properly considered as justification for the upward departure' " (People v Castaneda, 173 AD3d 1791, 1793 [4th Dept 2019], lv denied 34 NY3d 929 [2019], lv denied 34 NY3d 1126 [2020]; see also People v Mangan, 174 AD3d 1337, 1338 [4th Dept 2019], lv denied 34 NY3d 905 [2019]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court