Hollandale Apts. & Health Club, LLC v Bonesteel (2021 NY Slip Op 06726)





Hollandale Apts. & Health Club, LLC v Bonesteel


2021 NY Slip Op 06726


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

531558
[*1]Hollandale Apartments & Health Club, LLC, Respondent,
v
Michael Bonesteel, Appellant, et al., Defendant.

Calendar Date:October 21, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.

Disability Rights New York, Albany (Alison J. Lynch of counsel), for appellant.
Pentkowski & Pastore, Clifton Park (Michael J. Hutter of Powers & Santola, LLP, Albany, of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (J. Walsh, J.), entered May 15, 2020 in Saratoga County, which, upon remittal, denied defendants' motion for a final judgment.
In 2011, defendant Michael Bonesteel (hereinafter defendant) moved into an apartment complex operated by plaintiff. At the time, defendant had been diagnosed with a major depressive disorder and generalized anxiety disorder. In 2013, defendant requested an accommodation to plaintiff's policy prohibiting pets to allow defendant to acquire an emotional support dog. Defendant supported his request with a letter from his treating psychologist. Plaintiff denied defendant's request.
Subsequently, defendant submitted a complaint to defendant Attorney General, who began an investigation pursuant to Executive Law § 63 to determine whether the denial was discriminatory.[FN1] Shortly thereafter, plaintiff commenced this action, seeking, among other things, a declaration that plaintiff's refusal to permit defendant to have an emotional support dog had not violated the Fair Housing Act (see 42 USC § 3601 et seq. [hereinafter FHA]) and the Human Rights Law (see Executive Law art 15 [hereinafter HRL]). Thereafter, plaintiff notified defendant that it was reducing his lease renewal term from one year to three months. Defendant answered and brought several counterclaims, including that plaintiff had discriminated against him by denying his request for an accommodation and retaliated against him by shortening his lease term, both in violation of the FHA and the HRL.
Following a nonjury trial, Supreme Court (Chauvin, J.) determined, as relevant here, that, although the request "clearly appear[ed] to be reasonable in nature," defendant did not prove that having an emotional support dog was a necessary accommodation and he had further failed to prove retaliation. Accordingly, the court issued a judgment that declared that plaintiff did not violate the FHA and the HRL and dismissed the counterclaims.
On appeal, this Court first dismissed plaintiff's declaratory judgment action, sua sponte, finding it to be "premature and nonjusticiable" given the lack of any concrete harm resulting from defendant merely asking for an exception to the pet policy (173 AD3d 55, 60 [2019]). This Court then considered defendant's discrimination counterclaims, specifically addressing "two narrow and carefully circumscribed issues: (1) whether defendant has a qualifying disability within the meaning of the FHA and the HRL and (2) whether the accommodation he requested was 'necessary to afford [him] equal opportunity to use and enjoy [his] dwelling' as provided in the [FHA and the HRL]" (id. at 61, quoting 42 USC § 3604 [f] [3] [B]; see Executive Law § 296 [18] [2]). Conducting an independent assessment of the evidence, this Court determined that "defendant established that he is disabled and that an emotional support dog is 'necessary to afford [him] equal opportunity to use and enjoy [his] dwelling' within the [*2]meaning of the FHA and the HRL" (173 AD3d at 68, quoting 42 USC § 3604 [f] [3] [B]). Given the limited scope of review, this Court expressly did not make any determination on the remaining factors necessary to establish a violation of the FHA or the HRL — whether plaintiff knew about defendant's disability, whether plaintiff denied defendant's request and whether the requested accommodation was reasonable — and remitted the matter to Supreme Court to make a final determination on defendant's discrimination counterclaims (173 AD3d at 68). This Court also determined that defendant was entitled to judgment in his favor on his retaliation counterclaims and remitted the matter to Supreme Court for a determination of an appropriate remedy with respect thereto (id. at 70).
Upon remittal, a motion for a final judgment as to defendant's discrimination counterclaims was made. Supreme Court (J. Walsh, J.), concluding that the reasonableness determination of Supreme Court (Chauvin, J.) was not law of the case, found that it could not determine whether defendant's request was reasonable when "merely limited to reading the trial transcript," adding that there were "factual issues" concerning whether the type of dog that defendant wanted "would pose a safety risk to the other tenants." The court determined that it needed to hold a hearing to resolve these issues and to determine damages, and consequently denied the motion. Defendant appeals.
Defendant argues that Supreme Court (J. Walsh, J.) erred in failing to make a determination on the reasonableness of his requested accommodation because Supreme Court (Chauvin, J.) had previously made such a determination, rendering it the law of the case. Defendant additionally argues that Supreme Court (J. Walsh, J.) failed to follow the instructions of this Court by deciding to hold a hearing on reasonableness and damages rather than determining these issues on the trial record. We disagree with both arguments. First, for several reasons, we do not find that the comment by Supreme Court (Chauvin, J.) is law of the case. First, it is not a holding, but rather "merely dicta" (Karol v Polsinello, 127 AD3d 1401, 1402-1403 [2015]; see Matter of McNamee, Lochner, Titus & Williams [Killeen], 267 AD2d 919, 922 [1999]). Because the court dismissed the claims on other grounds, it was not required to and did not in fact reach the issue of reasonableness on the merits (see generally Reutzel v Hunter Yes, Inc., 166 AD3d 1111, 1112 [2018]; Rosen v Mosby, 148 AD3d 1228, 1233 [2017], lv dismissed 30 NY3d 1037 [2017]). Notably, this Court previously remitted this very issue to Supreme Court to determine, implicitly finding that the issue had not been reached (173 AD3d at 68). "[A] trial court, upon a remand or remittitur, is without power to do anything except to obey the mandate of the higher court, and render judgment in conformity therewith" (People v Weber, 195 AD3d 1544, 1544 [2021] [internal quotation marks and citation [*3]omitted], lv granted ___ NY3d ___ [Nov. 18, 2021]; see Reilly v Achitoff, 160 AD3d 998, 999 [2018]; see generally Siegel & Connors, NY Prac § 545 at 1051-1052 [6th ed 2018]). Thus, Supreme Court (J. Walsh, J.) was required to follow the instructions of this Court by deciding the matter and was not bound by the prior comment regarding reasonableness (see J.N.K. Mach. Corp. v TBW, Ltd., 98 AD3d 1259, 1260 [2012]; Ramsay v Mary Imogene Bassett Hosp., 158 AD2d 754, 755 [1990], lv denied 76 NY2d 702 [1990]). Moreover, we find that the court properly exercised its discretion in scheduling a hearing to determine the issue of reasonableness as it concluded that the record of the first trial was insufficient to determine the issue. The general remittal from this Court did not instruct Supreme Court to limit this determination solely to the existing record, and we find that its decision that additional testimony was needed to intelligently proceed was a valid exercise of judicial discretion (see generally CPLR 4404). Likewise, we discern no error in Supreme Court determining that a hearing is necessary to determine damages on the retaliation claim.
Garry, P.J., Egan Jr., Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: A motion by the Attorney General to intervene in this action was granted.